# In the United States Bankruptcy Court
# for the
# Southern District of Georgia
## Savannah Division

In the matter of:

TAMARA LEIGH BROWN
(Chapter 7 Case Number 12-40554)

*Debtor*

ANDREW EARL DITTENBER

*Plaintiff*

v.

TAMARA LEIGH BROWN

*Defendant*

Adversary Proceeding

Number 12-4040

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
*By lbarnard at 1:07 pm, Mar 14, 2013*

## OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

Debtor filed her Chapter 7 case on March 19, 2012. Dckt. No. 1.[1] On June 13, 2012, Andrew Dittenber ("Plaintiff"), Debtor's ex-husband, initiated this adversary proceeding by filing a Complaint to Determine Dischargeability of Debt. Complaint, A.P. Dckt. No. 1. Currently pending before the Court is Plaintiff's Motion for Summary Judgment. A.P. Dckt. No. 12.

[1]For this Order, citations to the main bankruptcy case [12-40554] will appear as "Dckt. No. ___"; citations to Plaintiff's Adversary Proceeding [12-4040] will appear as "A.P. Dckt. No. ___".

AO 72A
(Rev. 8/82)

FINDINGS OF FACT

Debtor and Plaintiff's divorce became final on November 20, 2009. Final Judgment and Decree of Divorce, A.P. Dckt. No. 1, Exh. A. Before this date, the parties reached a Settlement Agreement (hereinafter "Divorce Settlement"), which was filed October 9, 2009, and was incorporated into the Divorce Decree. Divorce Settlement, A.P. Dckt. No. 1, Exh. A. Mr. Dittenber attached both the Divorce Decree and Divorce Settlement to his Complaint and asserted that, by virtue of the Divorce Settlement, Debtor was required to make regular monthly payments on the marital home and "hold harmless [Plaintiff] from payment of the same." Complaint, A.P. Dckt. No. 1 at 4. Plaintiff then stated that upon information and belief, Debtor has vacated the marital home and is in default of the mortgages. *Id.* PNC Bank, N.A., was the servicer of the first deed to secure debt on the marital home, and assigned the security deed to National City Mortgage Company on September 18, 2012. A.P. Dckt. No. 12, Exh. D. This Court granted PNC Bank relief from stay on June 7, 2012. Dckt. No. 23. Sea Island Bank holds the second deed to secure debt on the marital home. Dittenber Affidavit, A.P. Dckt. No. 12, Exh. E.

Plaintiff filed a Motion for Contempt in the parties' divorce proceedings, and a new Settlement Agreement (hereinafter "Contempt Agreement"), incorporated into the Contempt Order, required Debtor to pay Plaintiff $30,000.00, payable in monthly installments of $1,000.00 after an initial $4,000.00 payment. Settlement Agreement and Order, A.P. Dckt. No. 1, Exh. B. Plaintiff contends that Debtor is in default of those payments and owes Plaintiff $25,850.00, plus the filing fees of the this action. Motion for

Summary Judgment, A.P. Dckt. No. 12; Dittenber Affidavit, A.P. Dckt. No. 12, Exh. B.

Plaintiff's Complaint requests the Court to find that Debtor's obligations under the Divorce Agreement and Contempt Agreement are nondischargeable in Debtor's bankruptcy case. Complaint, A.P. Dckt. No. 1. Debtor filed her Answer to the Complaint on July 10, 2012, admitting to every allegation save for the two paragraphs in the Complaint regarding the Contempt Agreement and the amount currently due to Plaintiff. A.P. Dckt. No. 5. In her Answer Debtor also requested the dismissal of Plaintiff's Adversary Proceeding. *Id.*

Plaintiff filed his Motion for Summary Judgment on November 27, 2012. A.P. Dckt. No. 12. The Clerk of Court sent a Notice to Debtor regarding Plaintiff's Motion for Summary Judgment on November 28, 2012. A.P. Dckt. No. 13. This Notice stated, "If you do not respond as directed in this notice, the Court may enter a final judgment against you without a full trial or any other proceedings." *Id.* It also stated, "If you do not timely respond to this motion for summary judgment, the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you." *Id.*

Debtor did not file a response to Plaintiff's Motion for Summary Judgment.

CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 56, made applicable to adversary

proceedings by Bankruptcy Rule 7056, governs motions for summary judgment. The moving party bears the burden to prove that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If a party fails to properly address another party's assertion of fact, the Court may consider the fact undisputed for purposes of the motion or grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it. FED. R. CIV. P. 56(e)(2)-(3).

Southern District of Georgia Local Rule 56.1, which has been made applicable to bankruptcy cases and proceedings by the "Uniformity of Practice" preamble to the Southern District of Georgia Local Bankruptcy Rules, states:

> Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, in addition to the brief, there shall be annexed to the motion a separate, short, concise statement of the material facts as to which it is contended there exists no genuine issue to be tried as well as any conclusions of law thereof. Each statement of material fact shall be supported by a citation to the record. *All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party. Response to a motion for summary judgment shall be made within twenty (20) days of service of the motion.*

S.D. Ga. LR 56 (emphasis added). Furthermore, as noted *supra*, the Notice of Plaintiff's Summary Judgment Motion sent to Debtor clearly explained that the Debtor's failure to

respond to Plaintiff's Motion could result in the Court entering a judgment against her.

Debtor nonetheless failed to respond to Plaintiff's Motion for Summary Judgment. All material facts set forth in Plaintiff's statement, therefore, will be deemed admitted for purposes of this Order. Accordingly, this Court finds that no genuine dispute of material fact exists in this matter.

Summary judgment may only be granted, however, when the moving party, in addition to showing there is no genuine dispute of material fact, shows the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Therefore, in the interest of justice, and out of an abundance of caution, I proceed to examine the record and assess whether a case has been made on the merits. The Court concludes that the allegations and facts in Plaintiff's Motion are sufficient to support a grant of summary judgment.

Plaintiff argues that pursuant to 11 U.S.C. § 523(a)(15), Debtor's obligations under the Divorce Agreement and the Contempt Agreement are nondischargeable. Section 523(a)(15) states, in relevant part:

> A discharge under section 727 of this title does not discharge an individual debtor from any debt to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

A debt is therefore nondischargeable if, although not a domestic support obligation, it is (1) incurred in the course of a divorce or in connection with a separation agreement, divorce decree, or court order, and (2) owed to a spouse, former spouse, or child of the debtor. *In re* Santry, 481 B.R. 824, 829 (Bankr. N.D. Ga. 2012).

Here, the Divorce Agreement required Debtor to make payments on the marital home and hold Plaintiff harmless from these payments. Debtor is in default of these payments. It is unclear whether Plaintiff is requesting that (1) Debtor's obligation to indemnify Plaintiff and hold him harmless from payments be nondischargeable, or (2) Debtor's obligation to pay the third party lender to be deemed nondischargeable as well. To the extent that he is requesting Debtor's obligation to the lender be found nondischargeable, that request is denied. *In re* Reindhardt, 478 B.R. 455 (Bankr. M.D. Fla. 2012) (while debtor's obligation to indemnify and hold harmless his former wife with respect to certain joint debts incurred during marriage was nondischargeable in bankruptcy, as either a domestic support or nonsupport obligation, debtor's obligations to third-party creditors to which joint debts were owed were dischargeable.). Therefore, while the marital home payment obligation to the lender is dischargeable, Debtor's obligation to hold Plaintiff harmless from these payments is not dischargeable.

As for the Contempt Agreement payments, this debt is nondischarageable. After Plaintiff filed a Motion for Contempt in Superior Court, the Contempt Agreement

required Debtor to pay Plaintiff $30,000.00, and Debtor is in default of this debt, currently owing $25,850.00. Plaintiff has therefore established (1) a debt is owed to a former spouse, and (2) such debt was "incurred in connection with [an] . . . other order of a court of record" and in the course of a divorce. Therefore, this debt is nondischargeable under 11 U.S.C. § 523(a)(15).

The Court concludes that Plaintiff has demonstrated he is entitled to judgment as a matter of law, and therefore, the Court will grant summary judgment in favor of Plaintiff. The Divorce Agreement obligation to hold Plaintiff harmless from payments on the marital home and the Contempt Agreement obligation to pay Plaintiff a remaining $25,850.00 are nondischargeable.

## ORDER

Pursuant to the foregoing, it is the ORDER of this Court that Plaintiff's Motion for Summary Judgment is GRANTED. Debtor's debt of $25,850.00 arising from the Contempt Agreement is excepted from discharge. Debtor is also ORDERED to continue to hold Plaintiff harmless from payments on the marital home, as required by the parties' Divorce Settlement.

Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 13th day of March 2013.

AO 72A
(Rev. 8/82)